**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LYNN McCRACKEN,<br>*Plaintiff*,<br>v.<br>CAPITAL ONE BANK (USA), N.A.,<br>*Defendant.* | Civil Action No. 25-cv-3420 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Proceeding *pro se*, Plaintiff Lynn McCracken brings this action against Capital One, N.A. ("Capital One").[1] Dkt. 1. She alleges that Capital One violated the Fair Credit Reporting Act ("FCRA") and 42 U.S.C. § 1983 ("§ 1983") by furnishing false and derogatory information to consumer reporting agencies regarding Plaintiff. *Id.* at 3 (Compl. ¶ 7). In particular, she alleges that a Capital One account was fraudulently opened in her name, that Capital One acknowledged that it had closed the account, removed all charges, and confirmed that "Plaintiff bore no liability," but, thereafter, the bank nonetheless "recklessly disregarded" these facts and falsely reported derogatory information relating to the account. *Id.* (Compl. ¶¶ 5–8). According to Plaintiff, these actions violated her rights under the FCRA and deprived her of "due process and equal protection" in violation of § 1983. *Id.* at 4 (Compl. ¶¶ 11–14).

[1] Although Plaintiff purports to bring this action against Capital One Bank (USA), N.A., Defendant responds that the relevant bank is Capital One, N.A., Dkt. 13 at 1, and Plaintiff does not take issue with that representation. The Court, accordingly, proceeds on the assumption that Capital One, N.A. should be substituted as the proper Defendant. If Plaintiff disagrees, she shall notify the Court of her disagreement and her basis for naming Capital One Bank (USA), N.A., on or before November 24, 2026. Unless Plaintiff files such a notice, the Court will direct the clerk to correct the caption to substitute Capital One, N.A. for Capital One Bank (USA), N.A.

Capital One timely moved to dismiss on two grounds. Dkt. 7. First, it argued that Plaintiff failed to state a claim under the FCRA. Dkt. 7-1 at 4. Although Capital One acknowledged that the FCRA requires furnishers, like Capital One, to provide accurate information to credit reporting agencies, 15 U.S.C. § 1681s-2(b), the bank explained that the statute does not include a private cause of action for violations of the duty to furnish accurate information, *id*. § 1681s-2(d); Dkt. 7-1 at 4. Because Plaintiff's complaint alleges only that Capital One failed to furnish accurate information to the credit reporting agencies, the bank maintains that Plaintiff has failed to allege a private cause of action. *Id.* Capital One does acknowledge that a furnisher is subject to suit by a consumer if the consumer notified the credit reporting agency of the disputed credit information, the agency, in turn, provided notice to the furnisher, and the furnisher, then, failed to conduct a reasonable investigation. *Id.* at 4–5. But, here, Plaintiff's complaint lacks allegations sufficient to state a claim under this subsection of the FCRA. *Id.* at 5–6.

Second, Capital One argued that Plaintiff's § 1983 claim fails as a matter of law because Capital One is not a state actor, and Plaintiff has failed to allege any state action. *Id*. at 7–8.

Plaintiff's initial responses to Capital One's motion to dismiss are mystifying. She repeatedly asserts, for example, that she filed an amended complaint "on April 3, 2026," thus mooting the bank's motion to dismiss. *See* Dkt. 11 at 1; Dkt. 14 at 1. No such amended complaint appears on the docket. Adding to the confusion is that those initial responses also include alternative requests for leave to amend, *see* Dkt. 11 at 4; Dkt. 14 at 15, although neither response offers a proposed amended complaint. In other respects, Plaintiff appears to miss the point of Capital One's motion and maintains that the bank's alleged acknowledgement that the account "was fraudulently opened" obviates the need to allege that she notified the credit

reporting agencies of the inaccurate information, the agencies in turn notified Capital One, and Capital One then failed to conduct a reasonable investigation. *See*, *e.g.*, Dkt. 14 at 3–4. But she cites no law supporting this reading of the FCRA.

Ultimately, however, Plaintiff filed a renewed motion for leave to amend her complaint on May 8, 2026, along with a proposed amended complaint. Dkt. 15. Her proposed amended complaint does—albeit belatedly—respond to the arguments that Capital One raised in its motion to dismiss. Dkt. 15-1. She now seeks leave to allege, for example, that she "disputed the Capital One tradeline with consumer reporting agencies, including TransUnion and Experian," Dkt. 15-1 at 3 (Proposed Am. Compl. ¶ 9); that she provided the agencies with "supporting documentation," *id.* (Proposed Am. Compl. ¶ 11); that, on "information and belief, the consumer reporting agencies notified" Capital One "of Plaintiff's dispute," *id.* (Proposed Am. Compl. ¶ 12); and that "[d]espite [Capital One's] prior fraud determination," the bank failed to correct the "derogatory" information, *id*. at 4 (Proposed Am. Compl. ¶ 15), or to otherwise "ensure that the fraudulent tradeline was removed from Plaintiff's consumer reports," *id*. (Proposed Am. Compl. ¶ 18). Plaintiff also proposes to drop her facially deficient § 1983 claim.

Notably, Capital One has failed to file an opposition to Plaintiff's most recent motion for leave to amend.[2] It is possible that it has declined to file a response because Plaintiff combined

---

[2] In opposing Plaintiff's earlier request for leave to file an amended complaint, Capital One argued that "Plaintiff fail[ed] to actually amend her Complaint or even [to] identify to the Court what exactly would be amended" and failed to explain how an amendment could overcome the lack of a private cause of action for violations of the duty to furnish accurate information. Dkt. 13 at 6–7; *see* 15 U.S.C. § 1681s-2(d) (providing for enforcement "exclusively" by specified federal agencies and officials, and state officials). Plaintiff's most recent motion addresses both arguments, and Capital One fails to oppose that motion. Capital One also previously argued that any amendment would be untimely. *Id.* at 8. It does not renew that argument in response to Plaintiff's most recent motion, and, in any event, the Court is unpersuaded that Plaintiff's motion for leave to amend is untimely under Rule 15's liberal standard. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025).

her motion for leave to amend with a motion for leave to file a sur-reply. But Capital One does not respond to either motion and, in any event, Plaintiff clearly moves in the "alternative" for leave to file an amended complaint. The Court expresses no view, however, regarding whether Plaintiff's amended complaint states a claim or adequately alleges Article III standing. For present purposes, the Court merely concludes that her amended complaint is an improvement and that, particularly as a *pro se* litigant, she should be afforded the opportunity to file it.

Because Plaintiff's proposed amended complaint responds to the arguments that Capital One has made to date, and because Capital One has not opposed Plaintiff's motion, the Court will grant Plaintiff's motion for leave to amend. That decision, in turn, moots Capital One's motion to dismiss, Dkt. 7, and Plaintiff's motion to amend or correct, Dkt. 12.

## CONCLUSION

For the reasons explained above, the Court hereby **GRANTS** Plaintiff's motion for leave to amend, Dkt. 15, **DEEMS** Plaintiff's proposed amended complaint, Dkt. 15-1, **FILED**; **DENIES** Capital One's motion to dismiss, Dkt. 7, as **MOOT**; and **DENIES** Plaintiff's motion to amend or correct, Dkt. 12, as **MOOT**. Capital One shall respond to Plaintiff's amended complaint on or before November 24, 2026.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 10, 2026